UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LEO VILLARREAL,<br><br>     Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | 5:25-CV-05084-RAL<br><br>OPINION AND ORDER SCREENING AND DISMISSING § 2255 MOTION |

  Movant Leo Villarreal filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1. Villarreal has submitted two supplements to his § 2255 motion. Docs. 4, 5. This is Villarreal's second § 2255 motion seeking to vacate, set aside, or correct his sentence, but Villarreal has not obtained the required authorization from the United States Court of Appeals for the Eighth Circuit to pursue a successive habeas motion. Thus, the instant § 2255 motion must be dismissed.

  Following a jury trial before the Honorable Jeffrey L. Viken, Villarreal was convicted of one count of aggravated sexual abuse and one count of sexual abuse, though he was acquitted of another count of aggravated sexual abuse. See United States v. Villarreal, 5:10-CR-50082-KES (D.S.D.) at Doc. 92. On March 8, 2012, Judge Viken sentenced Villarreal to a term of 120 months' imprisonment on the aggravated sexual abuse conviction (Count II) and 96 months' imprisonment on the sexual abuse conviction (Count III), to be served concurrently. Id. at Doc. 129. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on February 23, 2013. Id. at Doc. 148.

On February 18, 2014, Villarreal filed his first § 2255 motion. See Villarreal v. United States, 5:14-CV-05008 RAL (D.S.D.) at Doc. 1. Judge Viken granted Villarreal's motion in part and vacated his conviction for sexual abuse based on the Eighth Circuit's ruling in United States v. Rouillard, 740 F.3d 1170 (8th Cir. 2014), which interpreted 18 U.S.C. § 2242(2)—the statute of conviction on Count III—to require proof that the defendant knew the victim to be "incapable of appraising the nature of the conduct; or . . . physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act[.]" Id. at Doc. 24 at 5, 18. The Eighth Circuit granted in part Villarreal's application for a certificate of appealability and remanded the case for consideration of whether Villarreal was entitled to be resentenced under the sentence packaging doctrine applied in United States v. McArthur, 836 F.3d 931 (8th Cir. 2016). Id. at Doc. 31.

Judge Viken concluded that there was no need to resentence Villarreal because the aggravated sexual abuse conviction for which Villarreal had receiving 120 months had not been vacated and thus the original sentence carried out the Court's "original intent." United States v. Villarreal, 5:10-CR-50082-KES (D.S.D.) at Doc. 154 at 5 (quoting United States v. Evans, 314 F.3d 329, 333 (8th Cir. 2002)). Judge Viken's ten-year sentence of Villarreal, as he noted, was 20 years below the bottom end of the guideline range that applied to the aggravated sexual abuse conviction in Count II. Id. Judge Viken reasoned that it was not necessary "to reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." Id. (quoting Greenlaw v. United States, 554 U.S. 237, 253 (2008)). Accordingly, Judge Viken ordered that the amended judgment entered on May 16, 2016, after he had vacated Villarreal's conviction for sexual abuse, would constitute the final judgment. Id. at 6. *Villarreal* did not appeal.

Villarreal filed a motion with the Eighth Circuit on May 14, 2021, seeking permission to file a successive § 2255 petition. Motion for Permission to File a Successive Habeas Petition, Villarreal v. United States, No. 21-2098 (8th Cir. May 14, 2021). In that petition, Villarreal argued that the Due Process Protection Act (DPPA) required the United States to provide to his defense counsel all exculpatory evidence, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment evidence, pursuant to United States v. Bagley, 473 U.S. 667 (1985). Id. Villarreal also claimed that his due process rights were violated because evidence existed showing his actual innocence. Id. The Eighth Circuit denied Villarreal's motion for authorization to file a file a successive habeas application in the district court. Judgment, Villarreal v. United States, No. 21-2098 (8th Cir. June 21, 2021).

On October 28, 2025, Villarreal filed his second § 2255 motion. Doc. 1. In his § 2255 motion pending before this Court, Villarreal asserts many of the alleged Brady violations raised in his May 21, 2021 motion for authorization for permission to file a successive § 2255 motion. Compare Doc. 1, with Motion for Permission to File a Successive Habeas Petition, Villarreal v. United States, No. 21-2098 (8th Cir. May 14, 2021). In the supplements, Villarreal again asserts many of the same arguments he raised in his earlier motion for authorization for permission to file a successive § 2255 motion. Compare Docs. 4 and 5, with Motion for Permission to File a Successive Habeas Petition, Villarreal v. United States, No. 21-2098 (8th Cir. May 14, 2021).

A successive § 2255 motion may not be filed in district court unless a panel of the appropriate court of appeals certifies the motion as one containing:

> (1)   newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244 sets forth the procedure to obtain a certification authorizing a second or successive habeas motion from the appropriate court of appeals. Id. § 2244(b)(3)(A)-(E). Because Villarreal has not obtained the required authorization from the Eighth Circuit to pursue a successive habeas petition, his second § 2255 motion must be dismissed.

Accordingly, it is

ORDERED that Villarreal's motion for relief under 28 U.S.C. § 2255, Doc. 1, is denied without prejudice to Villarreal obtaining permission from the United States Court of Appeals for the Eighth Circuit to file a successive habeas motion in accordance with 28 U.S.C. § 2244(b)(3)(A). It is further

ORDERED that Villarreal's motion for leave to proceed in forma pauperis, Doc. 1, is denied as moot. It is finally

ORDERED that no certificate of appealability shall issue.

DATED this 10th day of November, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE